**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Michael Bennett**, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **Outlaw Race Engines LLC,** an Arizona Limited Liability Company, and **Jason Smith and Jane Doe Smith**, a married couple, | |
| Defendants. | |

Plaintiff, Michael Bennett ("Plaintiff"), sues the Defendants Outlaw Race Engines LLC and Jason Smith and Jane Doe Smith ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, unpaid overtime wages; liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Outlaw Race Engines LLC was an Arizona limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Outlaw Race Engines LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant Outlaw Race Engines LLC owned and operated as a "Outlaw Race Engines," a company that builds automobile, truck, and boat engines in Phoenix, Arizona.

9. Under the FLSA, Defendant Outlaw Race Engines LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Outlaw Race Engines LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Outlaw Race Engines LLC in relation to the company's employees, Defendant Outlaw Race Engines LLC is subject to liability under the FLSA.

10. Defendants Jason Smith and Jane Doe Smith are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Jason Smith and Jane Doe Smith are owners of Outlaw Race Engines LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendants Jason Smith and Jane Doe Smith are employers under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Jason Smith and Jane Doe Smith had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Outlaw Race Engines LLC in relation to the company's employees, Defendants Jason Smith and Jane Doe Smith are subject to individual liability under the FLSA.

12. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

13. Defendants, and each of them, are sued in both their individual and corporate capacities.

14. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

-4-

15. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

17. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

19. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

20. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

26. Defendants own and/or operate as Outlaw Race Engines, an enterprise located in Maricopa County, Arizona.

27. Outlaw Race Engines LLC is a company that builds automobile, truck, and boat engines in Phoenix, Arizona.

28. Plaintiff was hired by Defendants on approximately June 5, 2019.

29. At all relevant times, Plaintiff worked for Defendants until approximately mid-March 2020.

30. At all relevant times, in his work for Defendants, Plaintiff exclusively performed non-exempt, manual labor tasks to build engines for Defendants.

31. Defendants, in their sole discretion, agreed to pay Plaintiff both piecework rates of pay, regardless of the number of hours he worked in a given workweek, and hourly rates at times.

32. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

33. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

34. Defendants controlled Plaintiff's schedules.

35. At all relevant times, Plaintiff was economically dependent on Defendants.

36. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

     b.     Defendants made the decision not to pay overtime to Plaintiff;

     c.     Defendants supervised Plaintiff and subjected him to Defendants' rules;

     d.     Plaintiff had no opportunity for profit or loss in the business;

     e.     The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

     f.     Plaintiff was hired as a permanent employee;

     g.     Plaintiff had no right to refuse work assigned to him by Defendants.

37. At all relevant times, Plaintiff generally worked in excess of 40 hours per week for Defendants.

38. At all relevant times, Plaintiff generally worked at least 60 hours per week for Defendants.

39. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

40. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

41. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

42. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked so many hours in a given workweek for Defendants that the equivalent hourly rate of pay he received did not equal the applicable minimum wage.

43. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked so many hours in a given workweek for Defendants that the equivalent hourly rate of pay he received did not equal the federal minimum wage, in violation of 29 U.S.C. § 206(a).

44. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked so many hours in a given workweek for Defendants that the equivalent hourly rate of pay he received did not equal the Arizona minimum wage, in violation of A.R.S. § 23-363.

45. Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff one and one half time his regular rate of pay for all hours worked in excess of 40 hours per week.

46. Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff minimum wage for all hours worked in a given workweek.

47. Plaintiff was a non-exempt employee.

48. At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

49. At all relevant times, Defendants also failed to properly compensate Plaintiff at the applicable minimum wage for many of his hours worked for Defendants.

50. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Plaintiff is a covered employee within the meaning of the FLSA.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

59. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

60. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

61. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

62. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

63. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

64. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

65. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Michael Bennett, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

 i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

 ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

66.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.    As a result of the foregoing allegations, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

68.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

69.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michael Bennettt, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.    Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.  Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

 B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

 C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

 D. For the Court to award prejudgment and post-judgment interest;

 E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

 F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. As a result of the foregoing allegations, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

72. Defendant's practice of willfully failing or refusing to pay Plaintiff at the applicable minimum wage rate violates A.R.S. § 23-363.

73. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michael Bennett, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 23rd day of April 2020.

                BENDAU & BENDAU PLLC

                By: /s/ *Clifford P. Bendau, II*
                Christopher J. Bendau
                Clifford P. Bendau, II
                *Attorney for Plaintiff*